# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRADLE OF LIBERTY COUNCIL, INC., BOY SCOUTS OF AMERICA, | : : : | CIVIL ACTION |
| Plaintiff, | : : | NO. 08-2429 |
| v. | : : | |
| THE CITY OF PHILADELPHIA, | : : | |
| Defendant. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                                                           January 6, 2010

Presently before the Court are Defendant City of Philadelphia's Motion for Reconsideration of the Court's November 18, 2009 Order and Plaintiff Cradle of Liberty Council, Inc., Boy Scouts of America's Memorandum in Opposition. For the reasons discussed below, Defendant's Motion is denied in part and granted in part.

**I.  BACKGROUND**

This case arises from a dispute between the City of Philadelphia ("the City) and the Cradle of Liberty Council. Inc., Boy Scouts of America ("Cradle of Liberty") over Cradle of Liberty's use of the building located at 22nd and Winter Streets, now known as the Bruce S. Marks Scout Resource Center. The Court need not recount the entire background of this action here, as a comprehensive recitation of the dispute's relevant facts can be found in the Court's Memorandum of September 25, 2008. See Cradle of Liberty Council, Inc. v. City of

Philadelphia, No. CIV.A.08-2429, 2008 WL 4399025 (E.D. Pa. Sept. 25, 2008). The Court, rather, focuses on the immediate occurrences that led to Defendant's latest Motion.

The parties informed the Court that on October 29, 2009 the Philadelphia Court of Common Pleas *sua sponte* lifted the partial stay that had prevented litigation of the federal issues in state court and scheduled oral argument on the City's pending Summary Judgment Motion. The Court of Common Pleas also set December 5, 2009 as a possible trial date. Following this state court action, Cradle of Liberty filed with this Court, on November 16, 2009, a Motion for a Preliminary Injunction to enjoin the City from proceeding with its claim in state court. The City responded with a Memorandum in Opposition on November 17, 2009. The Court held a hearing on these Motions that same day. After the hearing, both parties submitted supplemental letter briefs following up on the arguments made before the Court.

On November 18, 2009, the Court issued a Memorandum and Order finding that Plaintiff had met its burden and enjoining the City from pursuing its ejectment action pending in the Philadelphia Court of Common Pleas. See Cradle of Liberty Council, Inc. v. City of Philadelphia, No. CIV.A.08-2429, 2009 WL 3921140 (E.D. Pa. Nov. 18, 2009). The Court does not recite its conclusions and rationale for the purposes of this Opinion, but incorporates and references those conclusions herein. See id.

Subsequent to the Court's issuance of the preliminary injunction, the City filed a Motion for Reconsideration, or in the Alternative, for Dissolution of the Preliminary Injunction on November 25, 2009. Plaintiff responded to the City's Motion via its Memorandum in Opposition filed on December 15, 2009.

## II. STANDARD OF REVIEW

The purpose of a motion for reconsideration is "to correct 'manifest errors of law or fact or to present newly discovered evidence.'" Calhoun v. Mann, No. CIV.A.08-458, 2009 WL 1321500, at *1 (E.D. Pa. May 12, 2009) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).[1] The Third Circuit provides that a court may alter a judgment pursuant to a motion for reconsideration,

> if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Knipe v. SmithKline Beecham, 583 F. Supp. 2d 553, 586 (E.D. Pa. 2008) (quoting Max's Seafood for the same test). Motions for reconsideration do not allow parties a "second bite at the apple" by "rehash[ing] arguments which have already been briefed by the parties and considered and decided by the Court." In re W.R. Grace & Co., 398 B.R. 368, 371-72 (D. Del. 2008) (internal quotations omitted); see also In re Le-Nature's Inc., No. CIV.A.08-1518, 2009 WL 3526569, at *1 (W.D. Pa. Oct. 23, 2009). "Nor may a motion for reconsideration be used to revisit or raise new issues with the benefit of the hindsight provided by the court's analysis." Knipe, 583 F. Supp. 2d at 586 (internal quotations omitted). A court faced with a motion for reconsideration, however, may properly address "factual and legal matters that the Court may have overlooked." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D.

---

[1] Federal Rule of Civil Procedure 59(3) and Local Rule 7.1(g) together provide the procedural framework for a motion for reconsideration. FED. R. CIV. P 59(3); E.D. PA. LOCAL R. CIV. P. 7.1(G).

Pa. 1993). Nevertheless, "[m]otions for reconsideration are granted sparingly." Knipe, 583 F. Supp. 2d at 586.

**III. DISCUSSION**

Defendant City of Philadelphia's Motion for Reconsideration is largely an attempt at a second bite of the apple. The City points to no intervening change in the controlling law or any newly available evidence. Although the City does not explicitly indicate so, the Court takes the City's arguments as an attempt "to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood, 176 F.3d at 677. On that basis, the City contends that the Court erred in (1) applying the Hodory waiver exception to the Younger abstention doctrine; (2) issuing an "overly broad" preliminary injunction; and (3), not requiring Plaintiff Cradle of Liberty to post a bond pursuant to Rule 65(c). The Court finds the City's first two arguments unavailing, but recognizes the importance of a bond requirement in the case of a preliminary injunction. Accordingly, the Court will conduct a hearing regarding whether a bond should be posted and, if so, in what form or amount.

**A. The Waiver Exception to the Younger Abstention Doctrine**

Although the Court need not entertain attempts to rehash arguments already presented and decided when addressing a motion for reconsideration, the Court will review for clear error its decision that the Hodory waiver exception applied to Defendant's Younger abstention argument. Defendant contends that it did not "'clearly and explicitly'" waive Younger according to the standard the Sixth Circuit set forth in O'Neill v. Coughlan. See (Def.'s Mot. Recons. 5-7 (citing 511 F.3d 638 (6th Cir. 2008).) To that end, Defendant maintains that it first asserted Younger when it raised the Anti-Injunction Act as an affirmative defense in its Answer to Plaintiff's

4

Complaint, and then reasserted Younger in its opposition to Plaintiff's Preliminary Injunction Motion. The Court, however, finds the City's claim to have asserted Younger in its reference to the Anti-Injunction Act unpersuasive, and further finds O'Neill to be both inapposite on its facts and deficient in its reading of the waiver exception to Younger.

The Sixth Circuit, in O'Neill v. Coughlan, determined that the "failure to assert Younger abstention before arguing for dismissal of the claims on the merits did not constitute waiver of the right to seek dismissal of the complaint on the grounds of Younger abstention." 511 F.3d at 643. Even if this rule from a persuasive authority were to bind this Court, it would not require a different result than the Court reached in its initial determination of Plaintiff's Preliminary Injunction Motion.

In the case at bar, Defendant City of Philadelphia indeed failed to assert Younger abstention before arguing the merits of its case in its June 16, 2008[2] Motion to Dismiss for Failure to State a Claim. Although the City contends that it first raised Younger abstention by referring to the Anti-Injunction Act in its Fifth Affirmative Defense, this referenced argument – in addition to contradicting the Supreme Court's conclusion in Mitchum that 42 U.S.C. § 1983 constitutes an express authorization of injunctions of state proceedings – is too oblique to raise Younger.[3] See Cradle of Liberty, 2009 WL 3921140, at *3 (discussing Mitchum v. Foster, 407 U.S. 225, 242-43 (1972)).

---

[2] This is the proper date on which Defendant filed its Motion; the date given in the Court's previous opinion should be disregarded.
[3] Paragraph 85 of the City's Answer reads as follows, "[t]he Anti-Injunction Act, 28 U.S.C. § 2283, bars any injunction sought by Plaintiff to enjoin Defendant from commencing or continuing any proceedings to evict Plaintiff from the City-owned Property occupied by Plaintiff."

The City, however, did much more than simply fail to raise Younger abstention before submitting the merits of its case to this Court. On July 2, 2008, the City entered into a Joint Motion for Stay of the state court action pending this Court's resolution of the Motion to Dismiss. As this Court previously noted, through the Joint Motion, the City at once affirmatively sought to have this Court resolve its case and requested that the state court abstain. See Cradle of Liberty, 2009 WL 3921140, at *4. Although Defendant claims that it was only Plaintiff's filing of its Preliminary Injunction Motion that forced it to raise Younger abstention, Defendant should have raised Younger abstention before it agreed with Plaintiff to pursue the dispute in a federal court and request that the state court sit in abeyance. Taking Defendant's actions together, it does not constitute clear error for this Court to conclude that the City waived its Younger abstention argument pursuant to the Hodory waiver exception. See Ohio Bureau of Employment Serv. v. Hodory, 431 U.S. 471, 480 (1977); Cradle of Liberty, 2009 WL 3921140, at *4 (citing Sharkey's, Inc. v. City of Waukesha, 265 F. Supp. 2d 984, 988 (E.D. Wis. 2003) and Norton v. Town of Islip, 239 F. Supp. 2d 264, 275 (E.D.N.Y. 2003)).

Defendant City of Philadelphia further reads O'Neill to support the proposition that "for a State to waive Younger, it must do so in a 'clear and explicit' manner." (Def.'s Mot. Recons. 6 (quoting O'Neill, 511 F.3d at 642).) To the extent that O'Neill can be interpreted to support such a proposition, this Court finds that it too narrowly interprets the Supreme Court's establishment of a waiver exception to the Younger abstention doctrine in Hodory. In Hodory, the Supreme Court concluded that Defendant-Appellant Ohio had waived its Younger abstention argument, because the state "either believe[d] that the District Court was correct in its analysis of abstention, or, faced with the prospect of lengthy administrative appeals followed by equally

6

protracted state judicial proceedings, . . . concluded to submit the constitutional issues to this Court for immediate resolution." Hodory, 431 U.S. 471, 480 (1977) (concluding that Ohio's submission of the constitutional issues to federal court did not require abstention). While a state may expressly waive Younger, as was the case in Sosna v. Iowa, 419 U.S. 393, 396 n.3 (1975), Hodory stands for the broader proposition that "[i]f the State voluntarily chooses to submit to a federal forum, principles of comity do not demand that the federal court force the case back into the State's own system." Hodory, 431 U.S. at 480. In this respect, the City cannot assert Younger abstention after already having submitted to a federal forum without previously raising this argument.

Moreover, there is support at the circuit court level that, contrary to the City's contention, a state need not "explicitly waive Younger" for the State to be foreclosed from asserting the argument in later proceedings. See, e.g., Robinson v. Kansas, 295 F.3d 1183, 1187 n.6 (10th Cir. 2002) (declining to consider the merits of Younger abstention, since defendant failed to raise the issue before the district court); Walnut Prop., Inc. v. City of Whittier, 861 F.2d 1102, 1106 (9th Cir. 1988) (noting that "the City cannot challenge the first decision of the district court on Younger grounds when it failed to confront [the Court] with that issue the last two times the case was before [the Court]," but nonetheless declining Younger abstention on the merits). Although these cases are somewhat distinguishable since they arise in the context of an appellate court reviewing whether an argument was properly raised at the district court level, they are demonstrative of the proposition that Younger abstention may be unwillingly waived.

Lastly, the Court recognizes the deference it owes to state courts in accord with the notions of comity the Younger doctrine embodies. Allowing the City to at once fully litigate

7

their case in federal court, but then, at the drop of the Younger abstention argument, to abandon the federal forum for a state court favors not the worthy principles of comity, but the principles of forum-shopping and judicial inefficiency. See Hodory, 431 U.S. at 479-80 (commenting on the policy behind Younger).

In conclusion, the Court's decision that the City waived its Younger abstention argument does not constitute clear error.

**B. The Scope of the Injunction**

Defendant City of Philadelphia next argues that the scope of the Court's Preliminary Injunction is overbroad. To support its contention that "a preliminary injunction must be narrowly tailored to serve the ultimate legal claim," the City cites the Supreme Court's conclusion in Winter v. Natural Res. Def. Counsel, Inc. to vacate a preliminary injunction to the extent it was challenged by the Navy. (Def.'s Mot. Recons. 7. (citing— U.S. —, 129 S. Ct. 365, 381 (2008)); In Winter, the Supreme Court based its partial reversal of a preliminary injunction on its finding that the relative harm of an injunction preventing the Navy from training with active sonar and the corresponding public interest in maintaining a well-prepared Navy, outweighed the "possible harm to the ecological, scientific, and recreational interests" that Plaintiff had alleged, and thus militated in favor of vacating the injunction in part. As this Court previously concluded, however, the City "has not suggested that granting this preliminary injunction will result in even greater harm to it than if it were not granted." Cradle of Liberty, 2009 WL 3921140, at *3. Nor has the City argued in its Motion for Reconsideration that the "balance of equities" – as referenced in Winter – require adjustment of the Preliminary

Injunction. Thus, Winter does not support the City's request to narrow the terms of the Preliminary Injunction.

The Court, moreover, finds no clear error in the scope of the Preliminary Injunction, since the Injunction is properly tailored to prevent the irreparable harm to Plaintiff that would ensue if the City, at this juncture, were to pursue a preclusive state court determination on the merits of its claim. While there are slight differences in the current form of the Court's Preliminary Injunction and the order the City would prefer "staying the state court proceeding pending resolution of [Cradle of Liberty]'s claims" before this Court, there is no distinction in function. Under either the current Preliminary Injunction or the one reflecting the City's language, the doctrine of *res judicata* will bar any further litigation of such claims should this Court issue a final judgment on the merits.

**C. The Requirement of a Bond**

Finally, as Defendant City of Philadelphia correctly noted, the Court overlooked the requirements of Federal Rule of Civil Procedure 65(c) in its decision granting the Preliminary Injunction. Rule 65(c) provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED R. CIV. P. 65(C). As the Third Circuit has noted, "[g]enerally, a bond is a condition of preliminary injunctive relief." Sprint Commc'n Co. L.P. v. CAT Commc'n Intern, Inc., 335 F.3d 235, 239 (3d Cir. 2003). Under certain circumstances, however, a district court need not require a bond when it has issues an injunctive order. See Temple Univ. v. White, 941 F.2d 201, 219-20 (3d Cir, 1991). Nevertheless, "[w]hile there are

exceptions, the instances which a bond may not be required are so rare that the requirement is almost mandatory." Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp., 847 F.2d 100, 103 (3d Cir. 1988).

In light of Rule 65(c) and the relevant Third Circuit caselaw, the Court will hold a hearing regarding the matter of posting a bond in relation to the Preliminary Injunction issued in this case. Defendant City of Philadelphia's Motion for Reconsideration is denied in all other respects.

An appropriate order follows.