**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CRADLE OF LIBERTY COUNCIL, INC., | : | |
| BOY SCOUTS OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 08-2429 |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| | : | |
| Defendant. | : | |

---

**DEFENDANT CITY OF PHILADELPHIA'S OBJECTIONS TO
PLAINTIFF'S PROPOSED JUDGMENT AND ORDER**

---

Defendant City of Philadelphia ("City") objects to the proposed Judgment and

Order submitted by Plaintiff Cradle of Liberty Council, Inc., Boy Scouts of America ("COL").

The City will timely file a separate post-trial motion for Judgment as a Matter of Law or a New

Trial.

**A.      The Responses To The Jury Interrogatories Do Not Warrant Entry of
Judgment in Favor of the COL.**

The City reserves for its post-trial motion for judgment as a matter of law or for a

new trial its argument that the jury's responses to Part I (nonpublic forum/viewpoint

discrimination) and Part III (Equal Protection) of the Jury Interrogatories compel entry of

judgment in favor of the City, not the COL, under the Supreme Court's decision last week in

*Christian Legal Soc'y Chapter of Univ. of Cal. v. Martinez*, 561 U.S. ___ (June 28, 2010) (a

copy of the "*Martinez*" decision is attached for ease of reference).  As we will demonstrate at

that time, the jury's responses to Part I of the Jury Interrogatories are dispositive not only of the

nonpublic forum/viewpoint discrimination claim, but also the unconstitutional

condition/expressive association claim. [1]

In very short summary, the *Martinez* Court reviewed the summary judgment

dismissal of unconstitutional condition/expressive association and nonpublic forum/viewpoint

discrimination claims based solely upon its analysis of the nonpublic forum/viewpoint

discrimination claims, holding "[t]he same ground rules must govern both speech and association

challenges in the limited-public-forum context." *Id.* at 15.  The *Martinez* Court noted that the

Christian Legal Society Chapter (as is the COL here) was "seeking what is effectively a state

subsidy" and therefore may still "exclude any person for any reason if it foregoes the benefits of

official recognition." *Id.*  As a consequence, the *Martinez* Court concluded that the limited-

public-forum cases (rather than the expressive association cases such as *Dale*) set the "ground

rules [governing] both speech and association challenges." *Id.*

The jury in this case already has found as fact in response to the Jury

Interrogatories on nonpublic forum/viewpoint discrimination that the City acted reasonably and

---

[1]     We will also address at that time that judgment should not be entered in favor of the COL
based upon the jury's responses to Part II of the Jury Interrogatories because those
interrogatories asked the wrong questions and were ambiguous and misleading, which
resulted in responses that make no sense and are inconsistent with the jury's responses to
Part I.  In very short summary, the Part II Jury Interrogatories on unconstitutional
condition/expressive association should first have asked whether the COL was in fact
associating around a viewpoint and, if so, whether the City's enforcement of its
nondiscrimination laws and policies burdened the resulting expressive association.
Instead, the Part II Jury Interrogatories required the jury to assume the existence of an
expressive association built upon a discriminatory philosophy that each and every COL
witness denied was the viewpoint of the COL and asked the jury whether the City would
have behaved differently had the COL stopped discriminating.  The Jury Interrogatories
therefore forced the jury into inconsistent results.

with viewpoint neutrality.  *See* response to Jury Interrogatory Nos. 3 and 4.  The jury's finding of

reasonableness and viewpoint neutrality in this case is consistent with the *Martinez* Court's

finding that Hastings College of the Law's nondiscrimination policy was reasonable and

viewpoint neutral.  The Supreme Court concluded that  "'CLS is simply confusing its *own*

viewpoint-based objections to … nondiscrimination laws (which it is entitled to have and [to]

voice) with viewpoint *discrimination*'" (emphasis and alterations in original).[2] *Id.* at 30.

In sum, as will be discussed at greater length in our post-trial motion, the

*Martinez* case compels the entry of judgment against the COL, not for it.

**B.     The City Objects to Entry of Judgment in COL's Favor Because the Jury Verdict Was Inconsistent.**

Even before consideration of *Martinez*,[3] the jury's responses to Part II of the Jury

Interrogatories are inconsistent and cannot support entry of judgment for the COL.  The jury

concluded that the City had neither committed viewpoint discrimination (Jury Interrogatories,

---

[2]     The Court distinguished *Rosenberger v. Rector and Visitors of Univ. of Va.,* 515 U.S. 819 (1995) and other decisions as singling out an organization for disfavored treatment because of their viewpoint -- a claim not supported here by the jury verdict in favor of the City on both the COL's viewpoint discrimination and equal protection claims.  Slip Opinion, at 17-19.  Indeed, the jury foreman has since been quoted as saying the jury "does not fault the City" and "did not feel the City acted maliciously."  Michael Hinkelman, *Boy Scouts to remain in low-rent Philly HQ*, Philadelphia Daily News, June 24, 2010; Timothy Cwiek, *Mixed verdict in Scouts case*, Philadelphia Gay News, June 24, 2010.

[3]     As will be discussed in our post-trial motion, *Martinez* mandates as a matter of law that the same conduct that passes constitutional muster under the limited forum/viewpoint discrimination analysis cannot then be invalidated as an impermissible infringement of expressive association.  For that reason alone, the jury's responses to Part II of the Jury Interrogatories are inconsistent and cannot support the entry of judgment against the City.

Part I) nor violated the COL's right of equal protection (Jury Interrogatories, Part III) in its termination of the COL's occupancy of the City-owned property at 22nd and Winter Streets.  The jury arguably found for the COL only with respect to the expressive association claim (Jury Interrogatories, Part II), likely because the Jury Interrogatories (to which the City objected for precisely this reason) asked the wrong questions and were ambiguous and misleading, which resulted in responses that make no sense and are inconsistent with the jury's responses to Part I. [4]

Thus, even before the *Martinez* decision was announced, the Court and counsel for the City put the internal inconsistency of the jury's responses to the Interrogatories on the record at sidebar following the reading of the verdict.  The jury found in Part I of the Jury Interrogatories that the City's reasons for evicting the COL were both reasonable and viewpoint neutral (Jury Interrogatories Nos. 3 and 4) and in Part III of the Jury Interrogatories that the City had a rational basis for terminating the COL's rent-free occupancy of City-owned property that was related to the City's legitimate interest in eliminating discrimination against gays (Jury Interrogatory No. 11).  The jury's negative response to Interrogatory No. 6 in Part II asking whether the City "imposed a condition on [the COL's] continued occupation of its headquarters building was reasonable" is on its face inconsistent with the remainder of the verdict and fails to support entry of judgment in favor of the COL.

For these reasons as well, judgment should not be entered in favor of the COL.

---

[4]     As discussed above in footnote 1, Part II of the Jury Interrogatories took away from the jury whether the COL, which disclaims for itself each and every factual basis for the *Dale* decision, had proved by a preponderance of the evidence the factual predicate for a finding of a right of expressive association around the exclusion of gays.

C.      **Objections to COL's Proposed Judgment and Order Form.**

The City objects to individual paragraphs of the COL's proposed form of

Judgment and Order as follows:

1.      The City objects to the COL's proposed Paragraph 1 because it fails to

properly reflect the verdict.  Count I of the COL's Complaint sought relief for both

unconstitutional conditions (¶¶ 41-45) and viewpoint discrimination (¶¶ 46-50).  The jury found

in favor of the City on the COL's First Amendment viewpoint discrimination claim.  The verdict

therefore does not support an order of judgment in favor of the COL on "Count I."   Judgment

must entered in favor of the City on the COL's viewpoint discrimination claim, and the entry of

judgment in favor of the COL must be limited to its unconstitutional conditions claim of

expressive association.

2.      The City has no objection to Paragraph 2.

3.      The City objects to the COL's proposed Paragraph 3, as the state

constitutional issues were not submitted to the jury.

4.      The City has no objection to Paragraph 4.

5.      The City objects to the COL's proposed Paragraph 5 to the extent it seeks

entry of judgment in favor of the COL for the reasons stated above.  The City reserves its right to

seek relief for its counterclaim for ejectment and holdover rent in its post-trial motions and

appeal.

6.      The City objects to the COL's proposed Paragraph 6 because:  (a) the jury

verdict does not warrant or compel entry of injunctive relief; and (b) even if injunctive relief is

granted, it must be carefully limited as not to expand the COL's at-will occupancy or to restrict the City from ridding itself of its entanglement in the COL's anti-gay discrimination.

> ### a.      The Jury Verdict Does Not Warrant or Compel Entry of Injunctive Relief.

The verdict on the nonpublic forum/expressive association claim, if it is allowed to stand, does not support the entry of the broad injunctive relief suggested by the COL allowing the COL to remain in City-owned property.   If it were allowed to stand, the jury verdict on the expressive association claim would establish at most that the City wronged the COL when it terminated the occupancy, not that the termination was void.   That might have entitled the COL to damages had it sought or proved them, but it would not entitle the COL to continue its at-will occupancy of City-owned property.

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. Mercexchange, LLC*, 547 U.S. 388, 391 (2006).

"An injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course."  *Winter v. Natural Resources Defense Council, Inc.,* 129 S. Ct. 365, 381, 172 L. Ed. 2d 249 (2008).  This Court has broad discretion to grant or deny permanent injunctive relief and may give each equitable factor whatever weight it desires, with

no single element controlling.  *Kershner v. Mazurkiewicz,* 670 F.2d 440, 443 (3d Cir. 1982);

*Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.,* 397 F.Supp.2d 537, 540 (D. Del. 2005).

None of the requirements for the broad permanent injunction suggested by the

COL is present here:

First, the COL has not proven an irreparable injury.  The uncontradicted evidence

at trial is that the New York Council (and according to one document admitted into evidence,

Exhibit P-107, perhaps the Boston Council as well) provided the City of New York precisely the

assurances the City sought from the COL and the COL argues it would like to have given the

City, without retribution from the Boy Scouts of America.

Second, the COL did not even attempt at trial to prove that it lacked an adequate

remedy at law.  It just assumed it.  The Court, of course, cannot just assume irreparable harm or

that no adequate remedy at law exists.

Third, the balance of hardships between the parties weighs heavily in favor of the

City and against granting a permanent injunction.  A permanent injunction would

disproportionately burden the City.  The New York Council example demonstrates that the COL

had the ability to cooperate with the City's nondiscrimination efforts, but the COL stubbornly –

or perhaps irrationally – refused to cooperate, despite claiming to agree with the City's goal.  The

only hardship that the COL may face if permanent injunctive relief is denied is a somewhat

earlier relocation than otherwise would be necessitated by the termination of the COL's at-will

tenancy.  In contrast, the City would suffer unique and significant burdens if a permanent

injunction were to issue.  As the Court has noted on a number of occasions, the COL occupies

the City-owned property at 22nd and Winter Streets on an at-will basis, subject to termination for

no reason.  Indeed, Mr. McSwain argued to the jury in his closing that had the City not explained

its reasons in its termination letter, the COL would have no basis to complain.  The permanent

injunction suggested by the COL would convert this tenancy-at-will into a greater property right

that improperly burdens the sovereign City.  The permanent injunction also would burden the

City's right to speak for itself – to promote its message of nondiscrimination.  A permanent

injunction granting subsidized occupancy of a City-owned property to a discriminatory group

sending homophobic messages[5] muddies the City's message of nondiscrimination, sending a

message the City should not be required to send.

Fourth, and finally, the public interest would be disserved by a permanent

injunction.  The public benefits from the City's laws and policies of nondiscrimination.  A

permanent injunction that in essence continues a public subsidy to a discriminating, homophobic

group disserves the public interest.  This is particularly true when the COL's alleged right to

discriminate on City-owned property cannot survive the *Martinez* decision, as will be discussed

at length in the City's post-trial motion.

Because the COL has not satisfied the requirements for the broad permanent

injunction it suggests, no such injunction should be entered.

---

[5]  The Court should not ignore the COL's homophobic rant of a closing argument in
evaluating the burden the COL's continued occupancy would impose on the City.  In
*Bird v. Gilham*, 255 F.3d 1136, 1150-51 (9th Cir. 2001), the Ninth Circuit Court of
Appeals held that "racially inflammatory comments made during closing argument went
well beyond the limits of legitimate advocacy" and found counsel's arguments "were
designed to raise prejudice and inflame the jury."  The Ninth Circuit held that "[r]acial
stereotyping cannot be condoned in civil cases" and found the plaintiff's "appeal to racial
prejudice in closing argument in its civil case … offended fundamental fairness and
violated due process."  *Id.* at 1152.  The COL's homophobic remarks in its closing were
equally improper.

**b.      The Scope of Any Injunction Must be Limited to the COL's Rights Under the 1928 Ordinance.**

The COL seeks to convert the preliminary injunction entered on November 18, 2009 into a permanent injunction and to bar the City from "commencing *any* proceedings to evict [the COL]" based on the City's opposition to the allegedly "constitutionally protected leadership policy with respect to gays of [the COL] and/or the Boy Scouts of America."[6]  The evidence and the verdict do not support, let alone compel, the entry of the broad injunction which the COL seeks.

The COL's motion for preliminary injunction was limited to enjoining the City from pursuing the ejectment action pending the outcome of this lawsuit.  *See* Mem. of Law in Support of Mot. for Prelim. Inj., Dkt. No. 25 at 6 ("a preliminary injunction enjoining the City from prosecuting its ejectment claim and, if this Court deems necessary, enjoining the Philadelphia Court of Common Pleas from proceeding in the state ejectment action is warranted").  Pursuant to the Court's November 18, 2009 Order, the Philadelphia Common Pleas action was dismissed.  Converting the preliminary injunction to a permanent injunction is therefore unnecessary.

A permanent injunction that bars the City from initiating "*any* proceedings to evict [the COL]" would be overbroad and unsupported by the verdict: the jury concluded that the City had neither committed viewpoint discrimination nor violated the COL's right of equal

---

[6]      As the City set forth in its Objections to the Judge's Charge to the Jury (Dkt. No.115), and will further argue in its post-trial motions and appeal, the evidence does not support that the *COL*, as contrasted with the *Boy Scouts of America* (whose rights are not before this Court), has a policy or practice of espousing the viewpoint that homosexuality is inconsistent with the Scout Oath and Scout Law.

protection in its termination of COL's occupancy.  As noted above, the COL arguably succeeded

only with respect to its expressive association claim, which was likely due to flawed jury

interrogatories.  Moreover, *Martinez* has vitiated any limited success the COL might have had.

The City may, and would be within its legal rights (and the jury so found) to, seek to regulate its

nonpublic forum in reasonable and viewpoint neutral ways.  The COL's request of a broad

permanent injunction is therefore without merit and should be denied.

       7.    The City objects to the COL's proposed Paragraph 7 because the jury

verdict does not warrant entry of injunctive relief and the COL cannot expand its right to occupy

City-owned property beyond the limits of the 1928 Ordinance.  The COL seeks an order barring

the City from "taking any action intended to burden Plaintiff or otherwise impair Plaintiff's

exercise of its First Amendment right of expressive association … including but not limited to

imposing lease terms that are less favorable than the terms offered to other non-profit lessees."

(Proposed Judgment and Order, ¶ 7).  First, a broad injunction contravenes established case law,

recently confirmed by *Martinez,* that the government may restrict a group's expressive

association right through reasonable and viewpoint neutral means.  Second, the COL cannot alter

the terms of its occupancy by imposing conditions on the City that are unrelated to the issues at

trial and that were not presented to the jury.  Finally, as discussed above, the jury verdict does

not support the requested broad injunction.

       8.    The City objects to the COL's proposed Paragraph 8 because it is not

supported by the verdict and, as set forth above, there has been no finding and there is no

evidence to support that the COL, as opposed to the Boy Scouts of America (who are not a party

to this lawsuit) has a "constitutionally protected leadership policy with respect to gays."  The

COL is therefore not entitled to a declaration that the City's efforts to evict the COL were  based

on opposition to COL's "constitutionally protected leadership policy with respect to gays." Furthermore, the verdict, if it survives post-trial motions and appeals, would support nothing more than a declaration that the City was wrong in its termination because it violated the COL's right to expressive association, not to undefined "rights guaranteed by the Constitution and laws of the United States and the Commonwealth of Pennsylvania." (Proposed Judgment and Order, ¶ 6).

        9.     Entitlement to and the amount of costs and attorneys' fees is more appropriately reserved for a fee petition and the City will respond accordingly to any such petition.

Respectfully,

_____/s/ David Smith_____
David Smith (Attorney I.D.  21480)
Stephenie Yeung (Attorney I.D. 84415)
Rebecca Lacher (Attorney I.D. 203938)

*Attorneys for Defendant,*
 *City of Philadelphia*

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania  19103-7286
(215) 751-2000

Of Counsel

Dated:  July 6, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2010, I caused a true and correct copy of City of Philadelphia's Objections to Plaintiff's Proposed Judgment and Order to be served by electronic service on:

> Jason P. Gosselin, Esquire
> William M. McSwain, Esquire
> Daniel B. Scott, Esquire
> Richard M. Haggerty, Jr., Esquire
> Tara S. Sarosiek, Esquire
> Robyn S. Stoter, Esquire
> Drinker Biddle & Reath LLP
> One Logan Square
> 18th and Cherry Streets
> Philadelphia, PA 19103

/s/ Rebecca Lacher
Rebecca Lacher  (I.D. 203938)
Attorney for City of Philadelphia
City of Philadelphia