IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRADLE OF LIBERTY COUNCIL, INC., BOY SCOUTS OF AMERICA, : Plaintiff, : v. : CITY OF PHILADELPHIA, : Defendant. : | CIVIL ACTION NO. 08-2429 |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                                March 20, 2012

Before the court is Plaintiff's Motion for Award of Attorney's Fees and Defendant's opposition thereto.

The principal objections of defendant are:

1. Plaintiff's lodestar (determined by multiplying the reasonable hours expended by the hourly rate) should be adjusted downward because the asserted hours are not reasonable;

2. The rates asserted by plaintiff's counsel are not reasonable; and

3. The plaintiff is not entitled to fees for electronic research.

As to the first objection, I agree in part with defendant[1] and have subtracted the following hours, which represents rounded off numbers:

| | | |
|---|---|---|
| Gosselin | - | 43 |
| McSwain | - | 45 |
| Scott | - | 47 |

---

[1] Refer to Exhibit A of defendant's memorandum (Docket No. 148) with which the court agrees except as to trial time hours and unsuccessful equal protection claim.

        Doherty   -   100
        Haggerty  -   86

As to the second objection raised to reasonableness of the hours, the court finds in favor of plaintiff except as to the Vinicombe entry of one hour for "review file materials", which is not specific enough to make a determination of the reasonableness of the request.

As to the reasonableness of the rates, plaintiff has submitted satisfactory evidence of the market rate and the reasonableness of the Drinker firm's rate. (See Motion for Fee Award – Docket No. 125 – Exhibits G, H and Declaration of Marc J. Sonnenfeld).

Finally, without making a determination one way or the other with regard to electronic costs, in this case the mere statement that it is Drinker's normal practice to charge its clients for costs incurred for online research offers scant aid to the court on the reasonableness of the fees requested.

Based on the foregoing, the plaintiff's request for fees and costs in the amount of $1,038,664.07 is reduced accordingly as reflected in the following order.